Heidel v. Geary County.

No. 22,763.

H. HEIDEL, *Appellant*, v. THE BOARD OF COUNTY COMMISSION-
ERS OF GEARY COUNTY et al., *Appellees*.

### SYLLABUS BY THE COURT.

1. HIGHWAY—*Road Benefit District—Petition Therefor Sufficient—With-
drawal of Names on Petition.* In an action to enjoin the establishment
of a road benefit district under Laws of 1917, ch. 265, as amended by
Laws of 1919, ch. 246, *held*, upon the statement of facts in the opinion,
a sufficient number of the petitioners for the improvement had not
withdrawn their names from the petition at the time the board of
commissioners adopted the resolution establishing the district.

2. SAME—*Petition for Road Benefit District—Time in Which Petitioners
May Withdraw Their Names.* The statutory provision that thirty
days after the filing of a petition with the board of commissioners no
signer thereon shall be permitted to withdraw his name therefrom,
(Laws of 1919, ch. 246, § 1,) is construed, and *held* not to give to
the petitioners the absolute right for thirty days after the petition is
filed to withdraw their names, if the board, in compliance with the
provisions of the statute, has already acted upon the petition.

3. SAME. The statute referred to, in lieu of a remonstrance or protest,
provides for a ten days' notice of a hearing before the board; until
such hearing the board has no authority to make any order affecting
the merits of the petition, but when the hearing has been held, the
board has authority to act, unless in the meantime a sufficient number
of the signers have withdrawn their names from the petition.

4. SAME—*Resident Landowners Entitled to be Heard in Opposition to the
Improvement.* At the hearing before the board a minority, however
small, of the resident landowners of the proposed road district have a
right to be heard in opposition to the improvement; and their objec-
tions, no matter in what form presented—whether by a written re-
monstrance, or orally—are entitled to due consideration. But their
objections and arguments are not controlling upon the board.

5. SAME—*Petition for Road Benefit District—Additional and Supple-
mental Petitions.* The provision in the statute for additional or sup-
plemental petitions is for the purpose of adding to the road district,
but does not affect the finality of the resolution establishing the benefit
district as originally petitioned for.

Appeal from Geary district court; ROSWELL L. KING, judge.
Opinion filed February 13, 1920. Affirmed.

*William W. Pease,* of Junction City, and *Fred S. Jackson,* of
Topeka, for the appellant.

Heidel v. Geary County.

*L. B. Morris,* county attorney, *I. M. Platt,* and *James P. Coleman,* both of Junction City, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The action is one for an injunction to restrain the board of county commissioners of Geary county from establishing a road district to be known as the Humboldt-Dry Creek Road Benefit District No. 1, and from improving certain designated roads therein. The court-denied the relief, and the plaintiff brings the case here for review.

The petition asking for the improvement was filed on April 1, 1919, and was signed by 157 names of resident landowners of the proposed road benefit district; there were 282 resident landowners within the district. The board published notice that on the 15th day of April it would consider the petition, when all persons desiring to be heard on the question should meet with the board.

The meeting was held in the forenoon. Witnesses for the plaintiff testified that Mr. Hunt addressed the meeting stating he had a remonstrance signed by 125 names, and that while he was speaking the board proceeded to pass the resolution and then adjourned; and that prior to the adjournment a rising vote of those present was taken, the vote being unanimous against the improvement. Mr. Pease testified that as attorney he represented 84 resident landowners who signed the written remonstrance; that 20 or more of these were present at the meeting in person; and that he urged the unconstitutionality of the law and made a general argument against the improvement. The three members of the board of county commissioners, the county attorney, the county clerk, the county engineer, and Mr. Crowell, a resident of the district, were all witnesses. Their testimony is to the effect that at the conclusion of a general argument by Mr. Pease, the chairman of the board asked if there were any further remarks, and there being none, moved the adoption of the resolution; that it was then adopted, and afterwards Mr. Bird called for a rising vote, which was taken. There is no dispute over the fact that neither of the remonstrances was presented to the board at this meeting. In answer to a question by the court, Mr. Pease

testified that he never stated to the board the name of any individual, but merely told them that the majority was objecting; he made no request to have the meeting continued to a later date; that all he did was to make a general argument against the improvement on account of the high cost of labor and material, "because of the war, and things of that kind"; that so far as he knew no request was made by any signer of the petition to withdraw his name, except as contained in the remonstrances; and that the remonstrance he had in his possession was signed by 96 residents of the road district, only 13 of whom had signed the petition. This so-called remonstrance was filed with the clerk of the board after the meeting adjourned, and at 4 o'clock in the afternoon. While there is some conflict in the testimony as to what transpired at the meeting, the court determined that issue against the plaintiff.

The first contention in the plaintiff's brief, that at and prior to the adoption of the resolution on April 15, a sufficient number of the original signers had withdrawn their names from the petition so as to reduce the number of the petitioners to less than fifty-one per cent of the resident landowners, is disposed of by the finding of the court upon questions of fact about which there can be no serious dispute.

The second contention is that by the written withdrawals of eighty-four of the petitioners, filed with the board of county commissioners on April 19, four days after the petition was adopted, the petition for the improvement became and was insufficient and illegal, and the board was without jurisdiction to make the improvement. This contention involves a construction of a provision of section 1, chapter 246, Laws of 1919. Prior to the law of 1919 the statute with relation to this subject contained this provision:

"After the filing of a petition with the board of commissioners no signer thereon shall be permitted to withdraw his name therefrom." (Laws 1917, ch. 265, § 1.)

In 1919 the section was amended to read as follows:

"Thirty days after the filing of a petition with the board of commissioners no signer thereon shall be permitted to withdraw his name therefrom." (Laws 1919, ch. 246, § 1.)

This amendment took effect April 8, 1919, and applies to all cases where petitions for the improvement of a highway were

pending under the act of 1917. Plaintiff claims that by reason
of the amendment the signers to the petition had the right to
withdraw their names at any time within thirty days from
April 1, when the petition was filed, and that the commission-
ers could not, by adopting the resolution granting the petition
before the thirty days had expired, establish a shorter period in
which the signers might withdraw their names.

If the legislature had intended to give to the signers the
absolute right for thirty days after the petition was filed, to
withdraw their names, regardless of whether or not the board
had already acted upon the petition, it would certainly have
used appropriate language to express that intention; it would
have provided that the board should not pass upon the petition
until after thirty days had elapsed, in order to determine
whether some of the signers saw fit within that period to
change their minds. That was what the legislature did in the
statute construed in the case of *Rodgers v. Ottawa,* 83 Kan.
176, 109 Pac. 765, cited by the plaintiff. The statute there au-
thorized the city council of cities of the second class to improve
streets and to levy special taxes in payment therefor, "if a ma-
jority of the resident owners of property liable to taxation
therefor shall not, within twenty days from such last publica-
tion" of the resolution "file with the clerk of said city their
protest against such improvements." The statute was inter-
preted to mean that the property owners had the full period in
which to express their approval or disapproval. In the present
case, the filing of the petition gave the board jurisdiction to
act unless there was some provision in the statute which ex-
pressly prohibited it from acting. The only limitation on the
power of the board to act is that a ten days' notice of the meet-
ing to consider the petition must be given, and this is a change
in the former procedure under the law of 1917. Obviously, this
provision contemplates that when the meeting is held and the
board has considered the merits of the petition it may make
an order either approving the petition and orderng the im-
provement made, or denying it. A similar question was in-
volved in *Cowles v. School District,* 88 Kan. 603, 129 Pac. 176.
The petition there was under chapter 257 of the Laws of 1911,
and asked the school board to make application to the school-
fund commissioners for permission to issue bonds in excess of

the statutory levy. It was held that the purpose of the petition of .the electors had been subserved when it had been presented to the school district board and the prayer of the petition was granted, and further, that the electors who signed the petition had no right to withdraw their names therefrom after it was presented to and final action taken thereon by the district board. (To the same effect see *Price v. The City of McPherson*, 92 Kan. 82, 139 Pac. 1162.)

By the weight of authority the rule is settled that a petitioner has the right to withdraw his name at any time prior to final action being taken upon the petition. In the present case, the judge of the district court in his opinion expressed the belief that the attorney representing the parties who were objecting to the road petition at the meeting of the board concluded as a lawyer that "all the paper they had there was a remonstrance," which the law does not provide for, and that this was the reason the paper was not filed with or presented to the board, since it made no request for the withdrawal of any names; and inasmuch as the testimony showed that no name was presented to the board of a signer on the petition who desired to withdraw his name, the court expressed the opinion that the action of the objectors in procuring signatures to the remonstrance and filing it with the clerk after the order had been made was a mere afterthought.

The case of *City Street Imp. Co. v. Babcock*, 123 Cal. 205, cited by the plaintiff, does not help his case. The California statute not only provided for a remonstrance, but expressly declared that upon the remonstrance being filed, it "shall be a bar for six months to any further proceedings in relation to the doing of said work or making said improvement, unless the owners of the one-half or more of the frontage as aforesaid shall meanwhile petition for the same to be done." (Cal. Stats. 1891, p. 196.) Our statute, in lieu of a remonstrance or protest, provides for ten days' notice of a hearing before the board; until such hearing the board has no authority to make any order affecting the merits of the petition, but when the hearing has been held, the board has authority to act, unless in the meantime a sufficient number of the signers have withdrawn their names from the petition. At the hearing provided for by the statute a minority, however small, of the resident

landowners of the proposed road district have the right to be heard in opposition to the improvement; and their objections, no matter in what form presented—whether by a written remonstrance, or orally—are entitled to due consideration. But their objections and arguments are not controlling upon the board. The trial court heard the conflicting testimony as to what occurred at the meeting and has decided that the action of the board in adopting the resolution was in compliance with the general provisions of the statute.

There is no merit in plaintiff's contention that the provision in the act of 1919 for filing additional or supplemental petitions at any time before the contract is let for the improvements shows that the board's action declaring the improvement to be of public utility is not final. Additional or supplemental petitions are permitted for the sole purpose of adding to the road district. If, for instance, a petition is presented asking for the improvement of a road for a distance of ten miles, and the petition is approved, the district and the road may be extended at any time before the contract is let, upon additional or supplemental petitions signed by resident landowners asking for the extension. But the provision takes nothing away from the finality of the resolution approving the petition and declaring the road to be a public utility as to the part originally petitioned for.

The judgment is affirmed.

MARSHALL, J., dissents.

WEST, J. (dissenting) : The residents of a road district, like other American citizens, have a right, in the absence of statutory prohibition, to petition for or remonstrate against public improvements and, being petitioners, to withdraw their names. The county board has no jurisdiction or authority to act until its constituency forming the road district has had its final say. By the act of 1919 the board cannot act until it has made its finding that the road is a public utility, nor can it act if restrained at any time within thirty days after ordering the improvement made. After the petition is filed the board's duty is to set a time and place to meet and consider it, and the petitioners and others interested are to be notified by newspaper publication for at least ten days. Then comes this sentence:

"Thirty days after the filing of a petition with the board of commissioners no signer thereon shall be permitted to withdraw his name therefrom." (Laws 1919, ch. 246, § 1.)

It seems to the writer perfectly plain that until this time the petitioners possessed the right they had, or would have had, in the absence of statute to withdraw their names, which right is full and complete. By the opinion the majority seem to be troubled because the legislature did not apparently intend to give the signers "the absolute right for thirty days after the petition was filed, to withdraw their names." Why should it? They already had this right, and the legislature did not take it away. It is said that the only limitation on the part of the board about acting is that ten days' notice must be given. It is true that the ten days' notice and the order finding the public utility are the only limitations on the power of the board to act after the thirty days are up in which the petitioners have a right to withdraw their names. But there is nothing in the statute giving the board the right to order the road open before this time. It was held in *Rodgers v. Ottawa,* 83 Kan. 176, 109 Pac. 765, that until the expiration of the twenty days for protest given resident owners of city property liable for taxation for street improvement, the city possessed no power or jurisdiction to proceed.

"And, therefore, could not be prevented from acquiring jurisdiction until the expiration of the full period of twenty days." (p. 178.)

It was said:

"This we think is the true interpretation of the statute; and we hold that the property owners have the full period in which to express their approval or disapproval." (p. 179.)

In rendering the unanimous opinion of this court in *Cowles v. School District,* 88 Kan. 603, 129 Pac. 176, the Chief Justice said:

"In regard to the time within which a petitioner who has changed his mind may withdraw his name from a petition, there is a difference of judicial opinion. . . . A greater number of the authorities apply a more liberal rule, which permits a petitioner to withdraw his name at any time before final action is taken upon the petition by the officer, board or tribunal to which it is presented." (p. 608.)

It seems unnecessary to say that the board cannot take final action during the time provided by statute in which the petitioners may withdraw their names.

There is no sort of confusion, conflict or incongruity about the statute thus construed. After the petition is filed the petitioners have thirty days to indicate a change of mind. Sometime before or after this the board, before final action, must serve a ten-day notice giving everybody interested an opportunity to be heard. If this hearing happens to be before the thirty days expire, the board must bide its action until the cooling time provided by the legislature has elapsed.

The spectacle of the chairman of the county board rising before a multitude of constituents and making a motion on which he and his two fellow members, only, had the right to vote, was indicative of a desire to abbreviate the chronology fixed by the lawmakers.

In my opinion the judgment should be reversed.