No. 38,039

STATE OF KANSAS, ex rel., L. E. WELTMER, County Attorney of Jewell County, Kansas, *Appellant*, v. THE MONTROSE RURAL HIGH SCHOOL DISTRICT OF JEWELL COUNTY, KANSAS; A. T. MENHUSEN, County Superintendent of Public Instruction of Jewell County, Kansas; ROY E. WALLACE, CLARENCE M. AHRENS and GUS BERNARD, as the Board of County Commissioners of Jewell County, Kansas; E. L. BRINKWORTH, County Clerk of Jewell County, Kansas; and RUTH KENT, County Treasurer of Jewell County, Kansas, *Appellees*.

(219 P. 2d 1071)

Opinion filed July 8, 1950.

*L. E. Weltmer,* county attorney of Jewell county, *George E. Teeple,* of Mankato, and *Orin C. Jordan,* of Beloit, were on the briefs for the appellant.

*N. J. Ward,* of Belleville, was on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action by the state on the relation of the county attorney of Jewell county to restrain the attachment of territory to a rural high-school district. Defendants' demurrer to plaintiff's petition was sustained. Plaintiff has appealed.

After the formal allegations, the petition alleged that the Montrose Rural High School District through its recognized agents caused the circulation of a petition through the territory described, directed to the Montrose Rural High School Board, requesting the attach-

ment of the described territory to the district; that the petition further requested the board to obtain the consent of the superintendent of public instruction of Jewell county to the attachment; that the territory described was adjacent to the district and was all located in Jewell county. The petition then alleged there were 110 qualified electors in the district; that the defendant Montrose Rural High School District through its agents procured upon the petition the signatures of sixty of the qualified electors residing within the limits of the described territory and on April 7, 1948, the Montrose Rural High School District endorsed upon the petition its written approval, as follows:

"APPROVAL. The Montrose Rural High School District Board hereby finds that the above petition complies with the provisions of the above mentioned law and that it is signed by a majority of the electors of the above described territory and approves the above petition and presents it to the County Superintendent of Public Instruction for his consideration and ask his consent. Dated on April 7th, 1948.

Montrose Rural High School Board
By Verne Parsons, Treas.
Donald K. Bangs, Clerk
G. L. Dempsey, Pres. Director."

And that the petition with the approval attached was on April 8, 1948, filed with the superintendent of public instruction. The petition then alleged that subsequent to the circulation of the petition and after sixty names of electors had been procured thereon there was circulated a written withdrawal of names from the original petition; it was signed by twenty-two of the persons who had originally signed the petition for the attachment of the adjacent territory; that it was filed with the county superintendent; that on April 12, 1948, the county superintendent endorsed upon the original petition his consent and proceeded to publish the written notice of attachment, as provided by law; that he refused to give any force to the withdrawal of signatures mentioned and thereafter an appeal was taken to the board of county commissioners; that upon the hearing of the appeal the board refused to give any effect to the withdrawal of the signatures; that at the commencement of the hearing before the board there was presented to it a petition signed by seventy-seven of the 110 qualified electors in the territory requesting that the county commissioners refuse to attach the territory to the district and stating that the signers refused their consent to the attachment. This petition was filed at that time with the county

clerk and was certified to as to the genuineness of signatures; that the board of county commissioners failed to give any force to this petition; that on August 11, 1948, the board of county commissioners denied all relief upon the appeal and ordered the adjacent territory to be attached to the Montrose Rural High School District and declared it was subject to taxation as part of the district; that the defendants were threatening to treat the adjacent territory as a part of the district.

The prayer was that attachment of the territory to the district be declared null and void and the proper officials, naming them, be enjoined from treating this territory as part of the district or placing it on the tax rolls.

There was a second cause of action alleging fraud in the procurement of signatures to the original petition. On account of what transpired later, however, this part of the petition will not be set out.

The defendants demurred to the petition as a whole and to each cause of action because they did not state facts sufficient to constitute a cause of action and because the court did not have jurisdiction of the subject matter of the action. The court on December 23, 1949, sustained the demurrer and ordered the dismissal of the action.

The plaintiff appealed from so much of the judgment as sustained the demurrer of the defendants to the plaintiff's first cause of action.

The specifications of error are that the court erred in sustaining defendants' demurrer to the first cause of action and in entering judgment in favor of the defendants and in dismissing the action at the cost of plaintiff.

The pertinent statute is G. S. 1935, 72-3514. That statute provides, as follows:

"Territory outside the limits of any rural high-school district, but adjacent thereto, may be attached to such high-school district for high-school purposes, upon application being made to the rural high-school board by a majority of the electors of such adjacent territory, and upon the approval of said rural high-school board and the consent of the county superintendent of public instruction: (Provided, That an appeal may be taken from the decision of the county superintendent to the board of county commissioners, if such property proposed to be attached is within one county, and to the state superintendent of public instruction if same be within two or more counties, whose respective decision in either case will be final. A notice of such appeal shall be served upon the county superintendent within twenty days after the consent is formally given or refused, which notice shall be in writing, a copy of which shall be filed with the county clerk if the appeal is to be heard by the county commissioners, and with the state superintendent if the appeal is to be heard by him, within fifteen days after such service upon the county superintendent.)

The county superintendent shall make a record of such attachment of territory and shall publish a notice of the same, and thereafter such attached territory shall be and compose a part of such rural high-school district for such rural high-school purposes only and the taxable property of such adjacent territory shall be subject to taxation and shall bear its full proportion of all expenses incurred in maintaining said rural high school."

This district lies altogether in Jewell county and the territory to be attached is adjacent to it and is all in Jewell county. The section provides for adjacent territory being attached to the district on application being made to the board by a majority of the electors. The section says nothing about a petition, only speaks of an application. This application was made in writing, however. There were 110 electors in the district. A majority of these would be fifty-six and this request was made by sixty of them. So far no reason appears why the request should not have been granted. No annexation could even be started without the request being made of the board, consequently this petition was made to the board. This tribunal was the judge of whether the request was made by a majority of the electors of the territory and the territory adjacent to the district.

All seems to have gone well until some of the electors who had made the request changed their minds. There is no doubt but that people in such a position may change their minds and withdraw their names from a petition such as this, provided they make the request in time. Naturally there must be a time after which no names may be stricken. *The State, ex rel., v. Eggleston,* 34 Kan. 714, 10 Pac. 3, was a case where a number of electors had requested the board of county commissioners to call a county seat election. At some time during the proceedings some of the signers of the petition asked that their names be stricken. The board refused to strike the names and called the election. When this action was attacked in court we said:

"If any such elector has, by false representations or through a misapprehension of the facts, been induced to sign such petition, he ought to be permitted to have his name stricken from the petition, if his application therefor is made to the county board prior to final action upon the petition."

The state here concedes this to be the rule. It, however, points to the provision for consent of the county superintendent of public instruction and argues that once the district board has evidenced its approval of the annexation, then the question of the sufficiency of the petition rested upon the superintendent and his action was final. In other words, the state argues that the approval of the ap-

plication, whether in writing or otherwise, by the board was merely a condition precedent to final action by the superintendent. If the state be correct in this interpretation, then the names were withdrawn in time and the petition stated a good cause of action.

Such an interpretation fails to consider the clear language of the statute. In the first place, it was deemed wise that there should be a provision for adding territory to a school district. The provision was, therefore, made for the application to be made by a majority of the electors. The district board is responsible for the affairs of the district so we have the provision that the application should be made to that board and for the approval of the request by that body. It is important to note that the application must be made to the district board, not to the county superintendent. At the outset, it must appear that the territory seeking to be annexed be adjacent to the district. Only then may the board approve.

In *Cowles v. School District,* 88 Kan. 603, 129 Pac. 176, the right of school districts to issue bonds was limited, but by chapter 257 of the Laws of 1911 it was provided that upon an application accompanied by a petition to the board of education, signed by at least one-half the number of electors, requesting that an application to issue additional bonds be made to the board of the school fund commissioners, the board was authorized to make an order authorizing the district to vote an additional amount of bonds. Such a petition was filed with the school district board, which granted it and made the application to the state board. The action was begun attacking the sufficiency of the petition to the school district board. We said:

"After final action upon the petition had been taken by the school district board, and the application was pending before the state board, an attempt was made, as we have seen, to withdraw and add names to the petition, but it was not then open for withdrawals and additions. The initiatory step is taken by the electors and their petition is addressed to the school district board, and not to the state board."

But little would be added to this opinion to repeat the argument made by this court in that opinion. Suffice it to say it is persuasive in interpreting this statute. The petition in this case was addressed to and acted upon by the Rural High School Board and without favorable action upon it by that board, nothing further could be done. To the same effect is *Heidel v. Geary County,* 106 Kan. 382, 187 Pac. 866. In that case the question was whether names could

be withdrawn from a benefit district petition. (See, also, *State, ex rel., v. Guggisberg,* 160 Kan. 340, 160 P. 2d 938.)

It is true the statute provides that the annexation must be with the consent of the county superintendent. That provision refers, however, to the entire question of annexation. The county superintendent has broad supervisory powers over the officers of all school districts in the county. In an action where the land annexed lay partly within another county and an appeal was taken to the state superintendent of public instruction we held that official had discretionary powers as to whether or not he would consent to the annexation. (See *State, ex rel., v. Brooks,* 160 Kan. 526, 163 P. 2d 414.)

This was aside, however, from the sufficiency of the petition presented to the district board. Here we hold that the consent of the county superintendent to the annexation is addressed to his discretion in his supervisory powers generally, not to the sufficiency of the application to the district board.

It follows the withdrawal of the names, as alleged in this petition, was too late. Furthermore, this withdrawal was not addressed to nor submitted to the only tribunal authorized to act upon the application, that is, the district board.

It follows the demurrer of the defendants to the first cause of action pleaded by the plaintiff was correctly sustained. No appeal was taken from the action of the court in sustaining the demurrer to the second cause of action. It is not before us.

It follows the judgment of the trial court is affirmed.