No. 24,754.

THE BOARD OF COUNTY COMMISSIONERS OF MITCHELL COUNTY, *Appellee,* v. THE CITY OF BELOIT, *Appellant.*

SYLLABUS BY THE COURT.

1. HARD-SURFACED ROAD — *Constructed Alongside Corporate Limits of City — City Liable for One-half the Costs Thereof.* Under the provisions of section 2 of chapter 218, Laws of 1921, which provides:

> "When a benefit-district hard-surfaced road is constructed alongside the corporate limits of any city, the city shall pay fifty per cent of the cost of the construction thereof," etc.

a city of the second class is liable for 50 per cent of the cost of construction of a hard-surfaced road alongside its corporate limits where the corporate limits extend to the middle of such road.

2. SAME—*County Liable for Whole Cost of Bridge on Hard-surfaced Road Alongside the Corporate Limits of City When Cost of Bridge is $2,000 or More.* Under section 11 of chapter 265 of the Laws of 1917, providing that,

> "All bridges, the cost of which exceeds $2,000, and all bridges of twenty-foot span or greater, which are required in making the improvements herein provided for, shall be built by and at the expense of the county under the general laws of the state relating to the construction of bridges."

the county is bound to bear the entire expense of contructing a bridge which costs more than $2,000, constructed on a hard-surfaced road alongside the corporate limits of a city.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion filed December 8, 1923. Affirmed in part and reversed in part.

*Frank A. Lutz,* and *Amzie E. Jordon,* both of Beloit, for the appellant.

*J. F. Finch,* county attorney, and *R. L. Hamilton,* of Beloit, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.:   The action was to recover one-half the cost of a
hard-surfaced road and one-half the cost of a bridge built thereon.
Plaintiff recovered and defendant appeals.

The road in controversy was a quarter of a mile in length con-
structed along the boundary of the city of Beloit, which is of the
second class.   The corporate limits of the city extend along the
middle of the improved road.   The portion in controversy is the
last constructed part of a road eleven miles in length leading to the
city from the 'east line of Mitchell county.

The city opposed the construction of the road and notified the
county commissioners that it would not be liable for any part· of
the cost incurred in its construction.   The county, however, pro-
ceeded to build the road.

The pertinent part of section 2 of chapter 218, Laws of 1921,
under which the road was built, reads:

"When a benefit-district hard-surfaced road is constructed alongside the
corporate limits of any city, the city shall pay fifty per cent of the cost of the
construction thereof, apportioned on an equitable ratio among the taxpayers
as prescribed by the council or other governing bodies, and may issue city
bonds to pay the city's share of the cost of such improvement."

It is the contention of the defendant that, as this quarter of a
mile of road was partly within and partly without the corporate
limits of the city, it was not constructed "alongside" the corporate
limits of the city.   In 1 Words and Phrases, 352, 353, 355 and 356,
the word "alongside" is defined as meaning "adjacent to and ad-
joining," as "alongside of, as on and over."   It is there said:

"General words of description bounding land, 'along a highway' or 'upon a
highway,' or as 'running to a highway,' are expressive of an intention to convey
to the middle of the highway. . .   Anderson v. James, 27 N. Y. Supr. Ct.
(4 Rob.) 35, 37; Jackson v. Hathaway (N. Y.) 15 Johns. 447, 453, 8 Am. Dec.
263; Witter v. Harvey (S. C.), 1 McCord, 67, 71, 10 Am. Dec. 650; Hunt v.
Brown, 23 Atl. 1029, 75 Md. 481. . .   The words 'along the highway' as used
in a deed describing the boundary of land conveyed as 'being along the high-
way,' will be construed in the absence of anything showing a contrary inten-
tion, as fixing the boundary of the land at the center of the highway."

And 'along a river, creek or stream' means to the center of the channel.
(pp. 355, 356.)

Webster's dictionary defines "alongside" as "along or by the side."
We must here construe it in connection with its usage in the statute.

As a rule, corporate limit lines run to the center of public roads which are contiguous and run parallel.

The legislature in enacting the statute under consideration did not intend to except cities whose corporate limits happen to run to the middle of the road adjoining it.

It is urged by the defendant that the provision of section 2 of chapter 218, above quoted, is not applicable for the reason that the preceding portions of the section limit the term to cities of the third class. We do not so understand. It was undoubtedly the intention of the legislature that when a hard-surfaced road is constructed under the provisions of chapter 246 of the Laws of 1919 as amended by chapter 218 of the Laws of 1921, "alongside the corporate limits of any city" was meant to include any city of the first, second or third class.

The defendant questions the constitutionality of the benefit-district hard-surfaced road law. Similar objections were passed upon in *The State, ex rel., v. Raub,* 106 Kan. 196, 186 Pac. 989.

Various other objections raised by defendant have no substantial merit. The proceedings appear to have been regular, and defendant is liable under the statute for 50 per cent of the cost of the construction of the road.

The defendant contends that, inasmuch as the total cost of the bridge was $3,447.84, the total expense should be borne by the county and the city is not liable for any part thereof.

Section 11 of chapter 265 of the Laws of 1917 provides that:

"All bridges, the cost of which exceeds $2,000 and all bridges of twenty-foot span or greater, which are required in making the improvements herein provided for, shall be built by and at the expense of the county under the general laws of the state relating to the construction of bridges. All bridges costing less than $2,000 and having a span of less than twenty feet, shall be included as a part of the improvement and the cost thereof apportioned as herein provided."

The plaintiff questions the validity of this statute. It is our opinion that it is in full force and effect. Under its provisions the defendant could not be charged with any part of the cost of the bridge.

In *State, ex rel. Raub,* supra (203), it was said:

"All bridges costing less than $2,000 and having a span of less than twenty feet shall be deemed to be a part of the improvement and be included in the cost to be apportioned to the county, township and landowners in the district, as the statute prescribes, but all bridges of a greater cost and a longer span are to be built at the expense of the county under the general bridge law."

More recently, in *The State, ex rel., v. Linn Co.*, 113 Kan. 203, it was said:

"Where a highway is being improved, federal aid being granted for the purpose, and a contract is entered into by the county for the construction of a bridge thereon costing over $2,000 and therefore requiring to be constructed under the bridge law, the county commissioners are under a duty to carry out such contract which they cannot escape by undertaking to revoke it, provided the necessary steps were taken to give it validity." (Syl. ¶ 1.)

Under the circumstances it is our judgment that the city is not liable for any part of the cost of the bridge.

The judgment is affirmed in so far as the defendant is charged with one-half the cost of the construction of the road, but is reversed in so far as it is charged with any part of the cost of constructing the bridge.