No. 27,004.

THE STATE OF KANSAS, ex rel. CHARLES B. GRIFFITH, Attorney-general, *Plaintiff*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LEAVENWORTH, *Defendant.*

### SYLLABUS BY THE COURT.

1. HIGHWAYS—*Petition to Improve—Change of Route After Approval.* Where the county commissioners have allowed a petition for the hard-surfacing of a road over a definite route, making the appropriate findings and orders, they cannot upon the strength of a new petition make a substantial change in the route.

2. SAME—*Refusal of Federal Aid—Abandonment of Part of Route.* In the situation above stated the county commissioners have no authority to abandon a part of the route because federal aid cannot be obtained therefor.

3. SAME—*Construction of Petition.* A provision of a road petition that the improvement shall be made in accordance with plans approved by the secretary of agriculture if federal aid is granted is interpreted as making such approval necessary for only such portion of the road as receives federal aid.

4. SAME—*Approval by Highway Commissioners—Pleadings.* The pleadings are held not to show a definite approval or disapproval by the state highway commissioners of the plans, etc., of a proposed road improvement with respect to a particular part of the route, and action by the court is deferred until further steps are taken in that regard.

Original proceeding in mandamus. Opinion filed May 8, 1926. Judgment withheld pending developments.

*C. B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, *A. E. Dempsey,* of Leavenworth, and *T. M. Lillard,* of Topeka, for the plaintiff.

*Malcolm McNaughton,* county attorney, and *William D. Reilly,* assistant county attorney, for the defendant; *Lee Bond,* of Leavenworth, of counsel.

The opinion of the court was delivered by

MASON, J.: A petition was presented to the board of commissioners of Leavenworth county for the hard-surfacing of a road running southwesterly from a point on the western limits of the city of Leavenworth near the west end of Spruce street to the western boundary of the county. On September 8, 1925, the board allowed the petition, finding the improvement asked to be of public utility and making appropriate orders as to survey, map, plans, specifications and estimates. Later a petition was presented for the improvement of a road from the point where Ohio avenue, which

lies about a quarter of a mile south of Spruce street, meets the western boundary of the city, to a point known as Withers' corner on the road first mentioned, a distance of about half a mile. On February 2, 1926, the board made an order undertaking to substitute the road described in the second petition for that part of the road described in the first petition, running from Withers' corner to Spruce street. The state, on the relation of the attorney-general, brings this proceeding in mandamus to require the commissioners to proceed with the improvement of the road described in the first petition. The defendants have filed an answer to the alternative writ and a hearing has been had upon the plaintiff's motion for judgment on the pleadings.

The defendants undertake to justify their course upon the principal ground that the portion of the road from Withers' corner to Spruce street has not been approved by the state highway commissioner, supplemented by the consideration that federal aid cannot be obtained for the improvement on this part of the route.

The facts are not established by the pleadings with sufficient definiteness to enable an order to be made at this time, but some of the legal questions upon which the parties are not in entire accord will be now determined, and such determination may make further action of the court unnecessary.

In such a case as the present the statute requires the map, profile, plans, specifications and estimates to be submitted to the state highway engineer for approval, unless they were prepared by him or under his supervision, and to be filed with the county clerk for inspection by bidders and others after being approved by him. The answer to the alternative writ alleges that the plans of the road in question as originally petitioned for were submitted to the state highway engineer for approval and for "what is known as a field check thereon"; that he and an engineer from the bureau of public roads (which has supervision of federal aid), although they approved and field checked the rest of the plans, refused to field check the part covering the road from Withers' corner to Spruce street; and that this notation was made thereon: "These plans are not checked back of station 156, because that part is not on the route check." The answer further alleges that "after the state highway engineer had refused to field check the plans from Withers' corner to Spruce street that John Hand, a member of the board of county commissioners of Leavenworth county, Kansas, asked for a second

route check of the road plans from Withers' corner to Spruce street, and that upon his request the state highway engineer, or his duly authorized representative, and an engineer from the bureau of public roads came to Leavenworth county and again inspected said road and refused to change their first recommendation of the location of the road."

From this it appears that the state highway commissioner has not approved the plans, etc., of the road from Withers' corner to Spruce street, and that he has indicated a preference for the route by way of Ohio avenue; but the answer does not show that he has definitely refused to approve them. The commissioners, having allowed the petition as first presented to them, have no authority to make a substantial change in the route as there laid down, even upon a further petition. (*Heidel v. Geary County,* 106 Kan. 382, 187 Pac. 740.) It is their duty to proceed with the work as originally ordered unless the state engineer shall definitely disapprove the plans, which should again be submitted to him for approval or rejection.

The defendants contend that they are not authorized to hard-surface the road from Withers' corner to Spruce street without the approval of the secretary of agriculture. This contention is based on a statement in the petition for the road that the improvement shall be "in accordance with the plans, specifications and estimates approved by the state highway engineer (and by the United States secretary of agriculture, if federal aid is granted for this improvement)." The defendants argue that the road petitioned for is to be treated as a unit, and if federal aid is granted for any part of it, then, by virtue of the provision of the petition just quoted, no other part can be constructed without the approval of the secretary of agriculture. We think, however, the fair construction of the language in question is that the approval of the secretary of agriculture is necessary with respect to any portion of the road for which federal aid is received, but not with respect to any other portion. The petition as allowed by the commissioners does not make the improvement of the road dependent upon receiving federal aid, and the lack of it would not be a reason for abandoning the project or changing the route. Whether or not a road shall be constructed from Withers' corner by way of Ohio avenue of course does not enter into the matter here in controversy. Nor do the relative advantages of the two routes enter into the case.

The defendants suggest a number of questions of practice which

State, *ex rel.*, v. Bone.

we need not discuss. Any irregularities of procedure which they point out, being capable of amendment, are regarded as unimportant.

Judgment will not be rendered on the pleadings at this time. Jurisdiction of the case is retained, and its further disposition will depend upon developments as indicated in the opinion.