No. 27,500.

The State of Kansas, ex rel. Charles B. Griffith, Attorney-general, *Plaintiff*, v. The Board of County Commissioners of The County of Franklin et al., *Defendants.*

(256 Pac. 716.)

SYLLABUS BY THE COURT.

Mandamus — *County Commissioners — Compelling Construction of Paved Highway.* Peremptory writ of mandamus awarded to compel a recalcitrant board of county commissioners to construct a paved highway.

Original proceeding in mandamus. Opinion filed July 9, 1927. Peremptory writ allowed.

*William A. Smith,* attorney-general, and *Roland Boynton,* assistant attorney-general, for the plaintiff; *F. M. Harris* and *W. S. Jenks,* both of Ottawa, of counsel.

*B. F. Bowers,* of Ottawa, for the defendants.

The opinion of the court was delivered by

Burch, J.: The action is one of mandamus to compel the board of county commissioners of Franklin county to construct a paved highway. Plaintiff moves for judgment on the return to the alternative writ.

In March, 1920, the board adopted the resolution finding the petition for the road to be sufficient, finding the road to be of public utility, and creating the road district. Survey was made, plats, plans and blue prints were prepared, and in July, 1921, resolution for immediate construction of one and two-thirds miles of the road was adopted. Nothing has been done since completion of this section of the road in 1923.

In 1924 the board was here with an excuse that it had dissolved the district on a recall petition. The excuse was held to be insufficient and the court said:

"The conclusion must be that the road district is still in existence and the project which was an entirety must be regarded as still under construction to be completed as soon as practicable." (*State, ex rel., v. Franklin County,* 115 Kan. 531, 536, 223 Pac. 261.)

Nothing has been done, and certain of the excuses offered are trifling: that nobody has asked the board to proceed, landowners

Mandamus, 38 C. J. p. 751 n. 18.

want work deferred, and the road is of secondary importance. The board has determined the public utility of the road, and it need not wait to be prompted to execute a work of determined public utility, or hold back on account of opposition.

It is said there was an agreement or understanding with the land-owners that this was to be a federal-aid road. The record shows what the road was and is to be. There was no difficulty in securing federal aid for the first section, and if the slightest diligence had been exercised perhaps more might have been obtained.

When the alternative writ was issued the board discovered that federal-aid funds appropriated to Kansas had been obligated, and the highway commission could not grant aid for the road at that time. If the board persists in its dilatory tactics, of course federal aid will be absorbed by other boards who desire to build roads.

During the period of the board's inactivity the federal government has rerouted six miles of the road at its southern end, and that portion cannot receive federal aid. More than a year ago the court held that construction of a road may not be abandoned on that account. (*State, ex rel., v. Leavenworth County Comm'rs*, 121 Kan. 148, 245 Pac. 1051.)

The federal government has made some changes in the matter of curves, grades, and avoidance of grade crossings. These are mere matters of construction detail, and not matters subversive of the project.

It is said the original plans have been returned to the board from the office of the state highway commission, marked void, and the board cannot get an approval of the plans by the state highway engineer. The word "void" was doubtless used by the state highway commission as a term of disapproval under present conditions, a matter within the commission's general supervisory authority. Disapproval and return of the plans was a signal for activity, and not inactivity, on the part of the board. In the case of *State, ex rel., v. Linn County Comm'rs*, 120 Kan. 356, 243 Pac. 539, decided more than a year ago, the court said:

"It is the duty of the board to act, to submit its action for approval, and in the event of disapproval to act again. The law is a road-building law, not a road-blocking law. It contemplates no deadlocks which will thwart its purpose, but assumes a conception of official duty which will make that purpose prevail." (p. 359.)

The court is quite familiar with tactics of the kind displayed by

the return to the alternative writ. The board is recalcitrant. A peremptory writ of mandamus will issue, commanding the defendants to proceed forthwith and diligently to complete construction of the highway. For the present the peremptory writ will be in the general terms stated. Jurisdiction of the cause is retained for the purpose of making the writ specifically effective should that be necessary. The costs of the action are taxed to the defendants.