## No. 28,371.

THE STATE OF KANSAS, ex rel. WILLIAM A. SMITH, Attorney-general, *Plaintiff,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LEAVENWORTH et al., *Defendants.*

(268 Pac. 837.)

Opinion filed July 7, 1928.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Robert Stone, James A. McClure, Robert L. Webb* and *Beryl R. Johnson,* all of Topeka, for the plaintiff.

*Jesse A. Hall,* county attorney, and *James B. Kelsey,* assistant county attorney, for the defendants.

The opinion of the court was delivered by

HUTCHISON, J.: This is an original proceeding in mandamus to compel the defendants, the members of the board of county commissioners of Leavenworth county, to proceed at once with the construction of a hard-surfaced improved highway between the towns of Tonganoxie, in Leavenworth county, and McLouth, a short distance across the county line in Jefferson county. The motion for an alternative writ sets out in detail the various steps taken for the approval, establishment and construction of the road in question. The alternative writ was issued and an answer was filed thereto by the defendants, which justifies the action of the defendants upon three grounds, or for three reasons, as expressed by defendants in their brief: First, "the evidence in the case at bar does not warrant a peremptory order [as prayed for] . . . for the reason that it has not been shown said defendants have been guilty of such dereliction of duty as merits such orders"; second, the evidence in the case does not show the defendants have so willfully and maliciously neglected or refused to do their duty as to merit a peremptory court order enjoining them to do dutiful acts which they are ready and willing to do in so far as they are able; third, the original petition for the road in question is null and void and of no effect.

A stipulation was filed agreeing to, or modifying, the several allegations of the motion, and depositions were taken as to a few points not covered by the stipulation, mostly as to the attitude of the defendants toward the completion of the road in question. It appears from the stipulation that this road was regularly approved

by resolution adopted by the board of county commissioners of Leavenworth county on July 26, 1919, finding all necessary preliminary steps had been regularly taken. Steps were promptly taken by the board to meet in conjunction with the board of county commissioners of Jefferson county as to the establishment and construction of the road on the county line and its extension beyond the line. The necessary joint action and action by Jefferson county for the extension were regularly taken approving the road. It is also stipulated that between July 20, 1920, and August 29, 1920, the board of county commissioners of Leavenworth county proceeded with the making of the survey, and its engineers surveyed, laid out, and did much of the preliminary work upon the road.

It is further stipulated that, beginning with the month of April, 1925, the board has constructed five culverts in the road up to grade and according to the specifications and requirements of the state highway commissioner. In doing so the board cut down two fills and expended for culverts and grading more than $12,000. In this same connection five separate pieces of right of way have been purchased to avoid sharp and hazardous turns. The stipulation further shows that since 1924 the board signed up an application for federal aid on this road, and requested it to be recognized as a state highway, which request was granted. It is also stipulated that two other hard-surfaced roads approved by the board, one in 1925 and the other in 1926, are under construction in Leavenworth county; that the work on these other roads will not likely be completed before the year 1932 or 1933.

The depositions show the attitude of defendant Short to have been and to be against building the road, and that he knows no good reason why it could not have been built if the petitioners had pressed it as they are now doing; that he has been on the board since 1904, except the years 1913, 1914, 1915 and 1916; that he has never taken any steps towards the construction of this road because he was not in favor of building it at any time. It is shown that defendant Hand has been on the board since 1922; that he signed an application for federal aid for this road, but it was never presented; that he has never done anything to bring this matter before the board for action; that he knows of no good reason why the grading contract could not have been let and the road built, outside of the fact that none of the commissioners were pushing it. Defendant Rush has

been on the board since 1925. The road in question lies in his district as commissioner. His attitude is and always has been in favor of constructing the road.

The first point raised and urged by the defendants is that the defandants have not been derelict of any duty, and the evidence does not warrant a peremptory writ. The facts above enumerated from the stipulation and the depositions show an unusual delay in completing this road approved almost nine years ago; that two other roads for which petitions were filed six or more years later are progressing faster and work is being done on them, and the most encouragement that has been obtained from the board is that this road may be taken up after the other two are completed, which may be in 1932 or 1933. We concur with the defendants Short and Hand, whose testimony is substantially quoted above, in saying we can see no good reason why the grading contract should not have been let and the road constructed. They add that it would have been if the petitioners had pressed the matter as they are now doing. We hardly think it is necessary for parties interested in a project to press it upon public officers in order to get action on the matter by them; but if it is, the stipulation shows in paragraph six that "the parties interested in said proposed road have from time to time requested the defendant commissioners to proceed with the construction and completion of the same."

One of these two commissioners says he has never done anything to bring this matter before the board, while the stipulation shows he was frequently requested to proceed with its construction. The other plainly admits that he took no steps toward constructing it because he was not in favor of building it at any time. These expressions sound very much like personal views and preferences as against the official action of the board. From the record here, it would seem that some of these defendants failed to heed the pronouncement of the law in a similar case against them, where it was said:

"Where the county commissioners have allowed a petition for the hard-surfacing of a road over a definite route, making the appropriate findings and orders, they cannot upon the strength of a new petition make a substantial change in the route." (*State, ex rel., v. Leavenworth County Comm'rs*, 121 Kan. 148, syl. ¶ 1, 245 Pac. 1051.)

The evident change proposed here is the abandonment of the route by inaction. The facts here plainly show there is no good reason for

this continued inaction and that it is the duty of the board to proceed with the construction. The excuses given of being busy on two other roads for which petitions were filed six years later do not justify the discrimination of postponing the earliest one until the others are finished. .

"Where a road is petitioned for and the petition has been found by the board of county commissioners to be adequate and valid, and the road of public utility, and an order for the improvement has been made by the board after a hearing had upon due notice to all persons interested, and the order has become a finality, it is the duty of the board to proceed without delay in making the improvement." (*State, ex rel., v. Johnson County Comm'rs*, 124 Kan. 511, syl. ¶ 3, 260 Pac. 985.)

"The fact that other roads are contemplated or in course of construction affords no reason for abandoning or refusing to proceed with the road petitioned for and ordered built." (*State, ex rel., v. Johnson County Comm'rs*, supra, p. 516. See, also, *State, ex rel., v. Franklin County Comm'rs*, 124 Kan. 141, 257 Pac. 716; *State, ex rel., v. Linn County Comm'rs*, 120 Kan. 356, 243 Pac. 539.)

As to the second point raised by defendant, that the evidence does not show that the defendants have willfully and maliciously refused to do their duty, the motion does not seem to charge that their refusal was malicious, nor do we think such charge and proof necessary for the issuance of a peremptory writ. But there can be no question that the refusal was willful in the sense that it was intentional.

For the third point the defendants urge that, by virtue of chapter 215 of the Laws of 1925, the original petition is null and void because no action was taken and no improvement made within three years following the date of the approval of the road. The stipulation shows that the survey was ordered within one year after the approval and made within fourteen months after the approval. The stipulation further shows the construction of the five culverts was commenced in April, 1925, and the law cited became effective May 28, 1925. These defendants did several things with reference to the completion of the road after 1924, and if for any reason the three-year provision should apply they are not in a position to urge it after building culverts, buying land to avoid sharp corners, and having the road recognized as a state highway. The defendants have waived any such limitation, if it ever did apply, and are estopped to urge it now after recognizing the road as it was approved by the board and after spending more than $12,000 on its

construction. Such conduct is manifestly inconsistent with the intention to insist on a limitation. (37 C. J. 721.)

The judgment of the court is that the peremptory writ issue commanding the board to proceed at once with the necessary steps for the construction and completion of the highway. Jurisdiction will be retained for the purpose of making the judgment effective in case further orders become necessary. The cost of the action is taxed to the defendants.