No. 27,004.

THE STATE OF KANSAS, ex rel. WILLIAM A. SMITH, Attorney-general, *Plaintiff*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LEAVENWORTH, *Defendant*.

(279 Pac. 10.)

No. 28,371.

THE STATE OF KANSAS, ex rel. WILLIAM A. SMITH, Attorney-general, *Plaintiff*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LEAVENWORTH, *Defendant*.

454

*William A. Smith,* attorney-general, and *Roland Boynton,* assistant attorney-general, for the plaintiff.

*Jesse A. Hall,* county attorney, and *James B. Kelsey,* of Leavenworth, for the defendant.

The opinion of the court was delivered by

JOHNSTON, C. J.: These are motions to dismiss two actions brought by the state on the relation of the attorney-general to compel the board of county commissioners of Leavenworth county to proceed with the improvement and completion of two state highways, each of which had been duly petitioned for on the benefit-district plan, and had been approved and found to be a public utility by the board, but for one reason or another the board had failed to proceed with the construction of the highways. Judgments compelling the commissioners to proceed with the construction of the highway were entered. (*State, ex rel., v. Leavenworth County Commissioners,* 121 Kan. 148, 245 Pac. 1051; *State, ex rel., v. Leavenworth County Commissioners,* 126 Kan. 571, 268 Pac. 837.) In each of these cases jurisdiction of the court was retained for the purpose of making the judgments effective in case further orders became necessary. These state highways have not been completed, no bonds have been issued, nor assessments made by the commissioners, and the motions are based on the change of legislative control in the building of state highways as shown by chapter 225 of the Laws of 1929. It is contended that the new act places the whole duty of construction, control, operation and maintenance of these highways in the state highway commission, and relieves the board of county commissioners entirely from any control or duty in respect to them. It appears from the decisions made that one of the projects was instituted and the improvement ordered to be made in 1919, under the benefit-district plan as provided in R. S. 68-701 to 68-709 and the subsequent amendments thereto, and that now, after the lapse of about ten years, the road has not been constructed. The other road mentioned was ordered to be improved in 1925, and as yet little has been done towards its construction. The new act, which took effect on April 1 of the present year, provides in section 3 that highways heretofore designated as state highways and all bridges

and culverts thereon shall be deemed to comprise a state highway system, and that all other highways shall be either county or township roads, and that the state highway shall be constructed, improved, reconstructed and maintained by the state highway commission. The director of the highway commission appointed by the state highway commission is given supervision of the work. (Sec. 7.) The state highway commission is authorized to perform all work, or enter into, perform and require the performance of all contracts incident to the construction, improvement, reconstruction and maintenance of the state highway system. (Sec. 8.) There is also a provision in section 3 that the state highway system shall be constructed and all work done thereon by the state highway commission, "from funds hereinafter and otherwise by law provided." In section 17 of the act provision is made for the transfer and distribution of the funds which had been derived or will be derived under the law from fees on motor vehicles, and also from gasoline or other fuel taxes on motor vehicles, and that these funds shall be transmitted by the county treasurers to the state treasurer and placed in the highway fund. Then follows the provision:

"On the first day of April, 1929, the unexpended balances remaining in the various funds provided by section 7, chapter 255, Laws of Kansas, 1927, except the funds applied to county and township roads, shall be transferred and paid to the state treasurer and by him credited to the highway fund: *Provided,* Such sums, transferred from the county and township road funds or from the funds allotted to the counties from the county free fund, shall be expended by the state highway commission within the respective counties from whence same are paid. All funds received by the various counties from the sale of benefit-district bonds heretofore or hereafter issued, under the provisions of Revised Statutes 68-701 to 68-709 and amendments thereto, shall be transferred by the county treasurers to the state treasurer and by him placed in the highway fund; and such amounts shall be expended in the counties from which they are received and for the purposes for which said bonds were issued: *Provided,* That nothing in this act shall be construed to relieve any county in which a benefit district has been organized under the provisions of sections 68-701 to 68-709, inclusive, Revised Statutes 1923 and amendments thereto, from the duty and liability to issue and sell bonds under the provisions of said act in the amount necessary to pay such part of the cost of the construction of such benefit-district roads in said benefit district required by said act to be paid by the county, township and benefit district. Any unexpended balance remaining in the fund in which is placed that part of the fees for registration sent to the secretary of state or other official designated by law to receive the same, and appropriated for use in the administration of the motor-vehicle registration act, unexpended at the time this act takes effect or at the end of

any calendar year, shall be placed in the highway fund." (Laws 1929, ch. 225, § 17.)

In section 18 of the act provision is made for reimbursement of the payment of installments of benefit-district taxes assessed on property in such districts to all taxpayers on whom assessments have been made and collected from time to time according to a prescribed method, with a further provision that when no tax or assessment has been levied against the lands and improvements the state highway commission shall pay the portion of the cost chargeable to the lands and improvements in such benefit district, in which event no special assessment shall be levied against the land in said benefit districts. There is a further provision that the commission shall not be bound to reimburse to any township or to any county under the benefit-district plan more than five per cent of the amount found to be due such township or county in any one year, and gives the commission discretion as to reimbursement to any township or county the whole or any large amount found to be due, but shall not make any reimbursement unless it can be made under the order of apportionment of the fund as provided in sections 3 and 17 of the act.

In behalf of the defendant it is contended that the two cases should be dismissed from this court for the reason that the county commissioners have no further functions to perform relating to the construction, operation or maintenance of these state highways or the raising of revenue therefor. They assert that while the court had previously commanded them to carry on in the construction of the roads upon the benefit-district plan, the new act of 1929 places the control, construction and completion of the highways upon the state highway commission and gives that commission full control of the funds provided for that purpose, as well as all machinery, equipment and road materials which counties purchased from county and state road funds, and has provided further that the state highway commission shall assume the rights and liabilities of counties on existing contracts for the construction, improvement and maintenance of highways, and for such machinery, equipment and road material on state highways as provided in section 19 of the new act. As already stated, the court reserved jurisdiction of these cases for such further orders as might become necessary, and the board of county commissioners contends that it is not subject to any further orders of this court since all duties and responsibilities formerly resting on it respecting state highways have been transferred to and placed

upon the state highway commission. It is true that all the powers pertaining to the construction, reconstruction, operation and maintenance of state highways have been vested in the state highway commission, and also the power of expending funds raised under the act or otherwise provided by law has been vested in that commission. While this transfer of power is clearly expressed in the act, it is equally clear that where a benefit district had been organized under the provisions of the former law it is still incumbent on the counties to issue and sell the bonds of such benefit districts. The new act expressly declares that not only all benefit-district bonds heretofore issued but also all such bonds *hereafter* issued shall be transferred by the county treasurer to the state treasurer, and thus has provided for the issuance of such bonds after the act has come into force. And then, to make it clear that county commissioners are not relieved from the duty of issuing such bonds and the raising of revenue for the building and improvement of state roads in benefit districts, it provides:

"That nothing in this act shall be construed to relieve any county in which a benefit district has been organized under the provisions of sections 68-701 to 68-709, inclusive, Revised Statutes 1923, and amendments thereto, from the duty and liability to issue and sell bonds under the provisions of said act in the amount necessary to pay such part of the cost of the construction of such benefit-district roads in said benefit district required by said act to be paid by the county, township, and benefit district." (§ 17.)

The act contemplates that where benefit districts have been organized the plan so instituted shall be carried through to completion. The legislature has specifically declared that counties are not relieved from the duties and liabilities of issuing and selling bonds to be used in the construction of benefit-district roads. The counties act through their boards of county commissioners in the issuance and sale of benefit-district bonds. That duty rests on the defendant respecting the two benefit districts in question. Besides the issuance and sale of the bonds, it will also be incumbent on the board, when the bonds become due, to levy a tax to pay the same unless money sufficient to pay them is derived from other sources. These duties at least rest on the board of county commissioners of Leavenworth county.

Attention is called to a provision of section 18 of the act that when no tax or assessment has been levied against the land and improvements in benefit districts the state highway commission

shall pay the portion of the cost chargeable to the lands and improvements in such benefit districts, in which event no special assessment shall be levied against the lands in said benefit district. This section, as will be observed, is dealing with the subject of reimbursement to the taxpayers of a benefit district, and nothing therein is said respecting the issuance and sale of bonds. While it provides for an adjustment of the amounts chargeable against the land where no assessment has yet been made upon the land, it does not excuse the issuance of bonds from which payment for construction of the roads is to be made. Apart from the charge made upon lands of taxpayers the county and the township is chargeable with part of the amount necessary to the construction of the road, and which is to be included in the bonds that are issued. The reference to the reimbursement, and that in a certain event no special assessments shall be levied, does not nullify the express provision that counties are not to be relieved from the duty of issuing and selling the bonds of the benefit district which are necessary to pay the costs of the benefit-district roads. Of course, no more bonds should be issued than are necessary to meet the cost of construction. It will be observed that in paragraph 3 of section 17 provision is made for a quarterly fund of $700,000 to be proportionately divided among the counties of the state on the basis of assessed valuation. This fund is to be used for reimbursement where state highways have been built on the benefit-district plan, and also for some other purposes. If a county should derive sufficient money from that fund to pay for the construction of the highways it would be unnecessary to levy a tax on the lands of the district. Bonds, however, may be required to meet the cost of the construction and these are to be issued and sold by the county commissioners. So long as that duty rests on this defendant under the law and under the judgments heretofore rendered against it in this court, it is not entitled to a dismissal of the actions. The only question before us at this time is the right of the defendant to a discontinuance of the actions pending here, and it appearing that there are still duties and functions for them to perform, our conclusion is that the motions should be denied. It is so ordered.