No. 29,395.

THE STATE OF KANSAS, ex rel. WILLIAM A. SMITH, Attorney-general, *Plaintiff*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MIAMI, THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, et al., *Defendants*.

(289 Pac. 394.)

Opinion filed July 5, 1930.

*William A. Smith,* attorney-general, and *Ben F. Winchel,* of Osawatomie, for the plaintiff.

*Roland Boynton,* assistant attorney-general, and *Alpheus Lane,* county attorney, for the defendants.

*S. T. Seaton,* of Olathe, as *amicus .curiæ.*

The opinion of the court was delivered by

HARVEY, J.: This is an original proceeding·in mandamus by the state, on the relation of the attorney-general, to compel the board of county commissioners of Miami county and the state highway commission to proceed with the necessary steps to improve a road petitioned for under the benefit-district plan. The state highway commission has filed a motion to quash the alternative writ. The board of county commissioners has filed a return and answer, and on the issues joined thereby evidence was taken by deposition, and this has been abstracted.

From the record it appears that in 1925 the board of county commissioners made application for and received federal aid for the improvement of the road in Miami county from the city of Osawatomie south and east to the Linn county line, being part of what is commonly known as the Jefferson highway and which has become a part of the state highway system and has been officially designated as state highway No. 7. In the years 1925 and 1926 the board of county commissioners, under plans, specifications and estimates approved by the state highway engineer and by the federal authorities, caused the highway to be graded and the bridges and culverts to be constructed, at a cost of approximately $75,000, including federal aid received therefor. On October 3, 1927, a petition was presented to the board of county commissioners for the creation of a benefit road district·for the further permanent improvement of the road by hard-surfacing the same with concrete, bituminous macadam or brick. This petition was in due form and was signed by the requisite number of petitioners within the district. The petition averred the improvement would be a benefit to the district and of public utility, and requested that the road improve-

ment be declared a public utility and that an order be made for the improvement in accordance with the statute. On November 15, 1927, the board of county commissioners, having given due notice, conducted a hearing, considered the petition, and made an order, which was duly entered on the journal, in which it found the improvement as prayed for in such petition to be a public utility, and ordered that the highway designated in the petition be improved in the manner petitioned for and as provided by law. No further steps have been taken with respect to carrying out the order for the improvement of this highway. On April 1, 1929, chapter 225 of the Laws of 1929 went into effect, transferring the duties with respect to constructing the highway improvements on the state highway system from the board of county commissioners to the state highway commission. Since that time the state highway commission has done nothing towards constructing the road improvements petitioned for, and by this action the state asks that the work proceed.

On behalf of the board of county commissioners the answer and return and the evidence in support of it are in the nature of confession and avoidance, and we are reminded that mandamus is a discretionary writ and are urged not to use it in this case. The gist of the defense is that after ordering the road to be improved nothing further was done because the board preferred, for various reasons, to spend its available funds on other road-improvement projects. None of the reasons for nonaction constitute a defense to this proceeding, each of them having been so held in former decisions of this court. (*State, ex rel., v. Linn County Comm'rs*, 120 Kan. 356, 243 Pac. 539; *State, ex rel., v. Leavenworth County Comm'rs*, 121 Kan. 148, 245 Pac. 1051; *State, ex rel., v. Franklin County Comm'rs*, 124 Kan. 141, 257 Pac. 716; *State, ex rel., v. Johnson County Comm'rs*, 124 Kan. 511, 260 Pac. 985; *State, ex rel., v. Leavenworth County Comm'rs*, 126 Kan. 571, 268 Pac. 837.) It is not necessary to detail these excuses nor to quote extensively from our former decisions. Under them it is clear that had this proceeding been brought before chapter 225 of the Laws of 1929 took effect the board of county commissioners should have been ordered to proceed. That statute transferred the duty of constructing the improvement to the state highway commission, but did not relieve the board of county commissioners from issuing the necessary bonds or performing any other duty necessary to be performed by it for the comple-

tion of the improvement.    (*State, ex rel., v. Leavenworth County Comm'rs,* 128 Kan. 453, 279 Pac. 10.)

On behalf of the state highway commission it is argued that, conceding the matter had progressed to the point where it became the imperative duty of the board of county commissioners to proceed with the improvement, and that the duty to construct the improvement was transferred from the board of county commissioners to the state highway commission by chapter 225 of the Laws of 1929, a discretion as to when the work shall be done is vested in the state highway commission, and that this discretion cannot be, or should not be, controlled by the courts by mandamus. It is pointed out that the state highway commission has many road projects under construction and new ones being presented, and that its funds are not unlimited.    This court has recognized a broad discretion in many matters in the state highway commission. (*State, ex rel., v. State Highway Commission,* 127 Kan. 437, 273 Pac. 403.)    But when the legislature transferred from the board of county commissioners to the state highway commission the duty to construct roads, there is no reason to say the state highway commission has any greater discretion in that matter than the board of county commissioners would have had if the transfer of duties had not been made.    The purpose of the legislature was to facilitate the building of roads, not to provide an additional method to delay the completion of road projects then under way.    The motion to quash will be denied.

The peremptory writ of mandamus will issue as to both defendants, commanding them to proceed forthwith and diligently to complete construction of the improvement of the highway.    For the present the peremptory writ will be in the general terms stated. Jurisdiction is retained for the purpose of such further or more specific orders as may be necessary.    The costs of the action are taxed to defendants.