No. 29,921.

THE STATE OF KANSAS, ex rel. ROLAND BOYNTON, Attorney-general, *Plaintiff*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SUMNER AND THE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Defendants*.

(297 Pac. 658.)

opinion filed April 11, 1931.

*Roland Boynton,* attorney-general, *H. W. Goodwin* and *W. H. Schwinn,* both of Wellington, for the plaintiff.

*Wint Smith, Ralph M. Hope,* attorneys for the state highway commission; *John A. Potucek,* of Wellington, attorney for board of county commissioners of Sumner county, for the defendants; *Fred S. Jackson, James E. Smith* and *S. W. Jackson,* all of Topeka, of counsel.

The opinion of the court was delivered by

HUTCHISON, J.: This is an original action in mandamus brought by the state of Kansas on the relation of the attorney-general against the board of county commissioners of Sumner county and the state highway commission, its members and director, to compel the construction of a benefit-district road in Sumner county which crosses the Arkansas river. The road, extending a distance of seven miles through the district lying on both sides of the river, had been by resolution of the board of county commissioners of Sumner county on December 4, 1928, found and declared to be a public utility, but nothing further has been done toward constructing or completing it.

The answer of the state highway commission to the alternative writ shows immediate steps being taken by it toward compliance as to the road itself, but in its answer it alleges that no obligation or duty rests upon it to construct a bridge across the Arkansas river, and that such bridge is not a part of the benefit-district road, but that such duty and obligation rested upon the board of county commissioners of Sumner county.

The answer of the board of county commissioners denies that it owes any duty with respect to the construction of the bridge, alleging that the bridge was a part of the benefit-district road which, by virtue of chapter 225 of the Laws of 1929, the state highway commission accepted for the purpose of completing, and thus relieved the board of county commissioners of any and all further responsibility in connection therewith.

The state accepts as satisfactory the steps taken and progress

made by the state highway commission as to the construction of the road apart from the bridge. The issues thus framed are, whose duty is it to furnish the funds for the construction of the bridge, and whose duty is it to supervise the construction thereof.

It is stipulated that the road through the benefit-district is a part of the state highway system and was such before the action of the board in December, 1928. It is admitted by the state highway commission that it stands in the same position as the board of county commissioners prior to April 1, 1929, with reference to the construction of benefit-district roads. It must since that date relieve the county board of the work of constructing all benefit-district improvements, although the county board may still have some duties to perform, as was said in the case of *State, ex rel., v. Miami County Comm'rs*, 131 Kan. 144, 289 Pac. 394.

It is stated in the pleadings that the bridge in question will be of a span greater than twenty feet and will cost more than $2,000—estimated to cost approximately $60,000—and that this benefit-district road is a federal-aid project, under which arrangement the government will pay half of the cost, leaving the remaining half safely less than the $40,000 limit mentioned in the statute (R. S. 68-1106) requiring approval by a majority of the voters of the county.

Section 3 of chapter 225 of the Laws of 1929 makes highways and all bridges and culverts a part of the state highway system and provides against any substantial change therein except when required for public safety. A provision in the original benefit-district act excluded from the benefit-district expense the building of all bridges where the span was greater than twenty feet in length or the cost in excess of $2,000, and placed it upon the county.

"All bridges, the cost of which exceeds $2,000 and all bridges of twenty-foot span or greater, which are required in making the improvements herein provided for, shall be built by and at the expense of the county under the general laws of the state relating to the construction of bridges. All bridges costing less than $2,000 and having a span of less than twenty feet, shall be included as a part of the improvement and the cost thereof apportioned as herein provided." (R. S. 68-713.)

This section has been applied and upheld as imposing a definite duty upon the county in the following cases: *State, ex rel., v. Raub*, 106 Kan. 196, 186 Pac. 989; *State, ex rel., v. Linn County*, 113 Kan. 203, 213 Pac. 1062; and *State, ex rel., v. Franklin County*, 115 Kan. 531, 223 Pac. 261. Of course these decisions were rendered before

the act of 1929, which turned over to the state highway commission the work and duty of the construction of benefit-district roads. But the rulings in these cases are instructive and attention is called to the following quotations therefrom:

"Where a highway is being improved, federal aid being granted for the purpose, and a contract is entered into by the county for the construction of a bridge thereon costing over $2,000 and therefore requiring to be constructed under the bridge law, the county commissioners are under a duty to carry out such contract which they cannot escape by undertaking to revoke it, providing the necessary steps were taken to give it validity." (*State, ex rel., v. Linn County,* 113 Kan. 203, syl. ¶ 1.)

"In providing for the building of bridges the legislature has drawn a distinct line of demarcation between provisions for bridges and those made for the roads on which they are built. Separate funds are provided for the expense of the construction of each and different limitations have been prescribed as to the application of the separate funds. A culvert or bridge built at little cost has been treated as a part of a highway, as for instance in the act providing for the permanent improvement of roads, the legislature has enacted that bridges costing less than $2,000 and having a span of less than twenty feet shall be included as a part of the improvement, but those costing more than that amount and of greater span shall be built at the expense of the county under the law providing for the construction of bridges. (R. S. 68-713.) In a provision as to raising funds for the building of county roads there is a specific declaration that funds so raised shall not be used for the construction or repair of bridges and culverts. (R. S. 68-519.) Throughout the legislation as to bridges there is a manifest purpose that funds shall be raised and kept separate from other funds and many limitations applicable to bridge funds are wholly inapplicable to road funds. (R. S. 68-1101 to 68-1506.)" (*State, ex rel., v. Franklin County,* 115 Kan. 531, 537.)

". . . the county is bound to bear the entire expense of constructing a bridge which costs more than $2,000, constructed on a hard-surfaced road alongside the corporate limits of a city." (*Mitchell County v. City of Beloit,* 114 Kan. 825, syl. ¶ 2, 220 Pac. 1020.)

Not only was this matter of constructing the bridge costing in excess of $2,000 and of longer span than twenty feet a duty imposed by law upon the county, but in this case on December 4, 1928, when the benefit-district road was by resolution of the board approved and declared to be a public utility, a specific and definite obligation was assumed by the board to construct the same and pay the cost thereof out of the county bridge fund. The last paragraph of that resolution is as follows:

"In addition to the above the board of county commissioners shall cause to be constructed all necessary bridges upon said road and roads the cost of which shall exceed $2,000 or that shall have span of twenty feet or more. All such

bridges shall be paid for by the county out of the county bridge fund and with the assistance of such federal aid as may be granted for said bridges."

Now, does the act of 1929 (chapter 225), which turns over the unfinished work on all benefit-district roads to the state highway commission and all the funds in the hands of the county for the purpose of constructing the same, include the bridges costing more than $2,000 and with spans greater than twenty feet in length? They never have been included in the benefit-district expense; no bridge funds of the county have by that act been ordered turned over to the state highway commission, and unless there is some affirmative indication in the enactment the obligation to construct such bridge should remain where it was. The county board claims to be relieved of all responsibility in benefit-district road matters, but it is not entirely relieved by any means. A proviso in section 17 of the act turning over such matters (Laws of 1929, ch. 225) is as follows:

"That nothing in this act shall be construed to relieve any county in which a benefit district has been organized under the provisions of sections 68-701 to 68-709, inclusive, Revised Statutes 1923, and amendments thereto, from the duty and liability to issue and sell bonds under the provisions of said act in the amount necessary to pay such part of the cost of the construction of such benefit-district roads in said benefit district required by said act to be paid by the county, township and benefit district."

In construing this statute this court, in the recent case of *State, ex rel., v. Miami County Comm'rs*, supra, said:

"That statute transferred the duty of constructing the improvement to the state highway commission, but did not relieve the board of county commissioners from issuing the necessary bonds or performing any other duty necessary to be performed by it for the completion of the improvement." (p. 146.)

In the case of *State, ex rel., v. Leavenworth County Comm'rs*, 128 Kan. 453, 279 Pac. 10, where the board of county commissioners of Leavenworth county declined to issue and sell the bonds necessary to meet the expense of the construction of a benefit-district road on the theory that since April 1, 1929, the county was relieved from all further duties with regard to such roads, the court said:

"Defendant, claiming it had no further duties to perform under the judgments, moved for a dismissal of the actions. *Held*, that there are still functions to be performed by the defendant under the law and the judgments, and the motions are denied." (Syl. ¶ 2.)

We conclude that the bridge in question, costing more than $2,000 and requiring a longer span than twenty feet, was not and is not a part of the benefit-district improvement, but was assumed and

agreed to be built by the county, and that the obligation of furnishing the funds to construct it was not passed to the state highway commission by chapter 225 of the Laws of 1929, and still remains as a duty and obligation of the county assumed and undertaken by the resolution approving the road and declaring it a public utility.

R. S. 68-1103 and 68-1106 provide the way and manner of paying the expense of building bridges by counties and appropriating bridge funds available for that purpose and for acquiring the funds by levy or issuance of bonds when not otherwise available, which means are fully within the power and authority of the board of county commissioners.

As to the proper supervision and oversight of the building of the bridge, sections 7 and 8 of chapter 225 of the Laws of 1929 give general supervision of all unfinished work on benefit-district roads to the state highway commission and the director thereof, and while those provisions might not of necessity include the construction of a bridge, yet it is an exact parallel of the giving of complete supervision and control of the expenditure of benefit-district money when furnished by the county as in the cases above cited. In the Leavenworth county case, *supra*, which was a bond case, it was said:

"The new act, which took effect on April 1 of the present year, provides in section 3 that highways heretofore designated as state highways and all bridges and culverts thereon shall be deemed to comprise a state highway system, and that all other highways shall be either county or township roads, and that the state highway shall be constructed, improved, reconstructed and maintained by the state highway commission. The director of the highway commission appointed by the state highway commission is given supervision of the work. (Sec. 7.) The state highway commission is authorized to perform all work, or enter into, perform and require the performance of all contracts incident to the construction, improvement, reconstruction and maintenance of the state highway system. (Sec. 8.)" (p. 454.)

There can be no doubt of the intention of the legislature to centralize all supervision and control of construction work in the state highway commission.

The writ is allowed as to the board of county commissioners of Sumner county to furnish the necessary funds for the building of the bridge, and as to the state highway commission to proceed with the other necessary steps to construct such bridge without unnecessary delay. In the meantime jurisdiction of the case will be retained by this court. It is so ordered.

SLOAN, J., not participating.

HARVEY, J. (dissenting): It is my judgment that the bridge in question should be built by the state highway commission out of funds provided for the construction of the state highway system. Bridges and culverts constitute as much a part of the state highway system as other portions of the highway. (Laws of 1929, ch. 225, §§ 3, 12.) I agree that the cost of the bridge was not an item for which bonds could have been issued for the improvement petitioned for the benefit road district (R. S. 68-713), and had the work proceeded under statutes in force at the time the county commissioners approved the benefit district petitioned on December 4, 1928, the improvements called for by the petition would have been constructed under the statute pertaining to benefit districts (R. S. 68-701 et seq.), except the cost of the bridge, the funds for which would have been provided and expended in accordance with R. S. 68-1101 et seq. Chapter 225 of the Laws of 1929 required the state highway commission to complete the state highway system from funds provided for that purpose, with this exception, that where benefit districts had been created the benefit-district funds should be turned over by the county to the state highway commission; and it has been determined by this court if bonds had not been issued by the county for the benefit district they should be issued and the proceeds turned over to the state highway commission to be used in constructing the benefit-district improvement. But this fund is only in the nature of a loan to the state highway commission, it being required to reimburse the counties, townships and landowners within the benefit district. There is no provision in the statute specifically requiring counties to build bridges not built at the time the statute went into effect; neither do I find any provision to reimburse the counties if they should do so. Hence it seems clear to me that with respect to bridges which had not been constructed at the time chapter 225 of the Laws of 1929 went into effect the state highway commission should construct and maintain them from funds provided for state highway purposes.